UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 4:13-CR-306 (CEJ) |
| | ) | |
| PAUL BECKMANN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge David D. Noce for determination and recommended disposition, where appropriate. On March 14, 2014, Judge Noce filed an Order and Recommendation with respect to the motions filed by defendant Paul Beckmann to suppress evidence and statements. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motions be denied. The United States has filed a response to the defendant's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In order to make the required determination, the Court has listened to the recordings of the evidentiary hearings and has reviewed the exhibits received into evidence.

### A. Defendant's Objections to Findings of Fact

#### Objection 1

The defendant objects to the omission of the fact that Deputy Barbato was on probationary status at the time of the events in this case. The magistrate judge was not required to include in his recommendation a verbatim recitation of all facts established by the evidence. Further, there is no claim that the magistrate judge overlooked or failed to consider this fact in reaching his decision. Moreover, neither the inclusion nor the omission of this fact would have any effect on the resolution of the defendant's motions to suppress. Therefore, the objection is overruled.

#### Objection 2

The defendant testified that the officers told him that they had "additional questions" beyond verifying his address that they wanted to ask him and "that they wanted to come inside the house." The defendant did not testify that the officers told him that he had to let them in to complete the verification process. The magistrate judge's finding that the officers requested permission to enter is supported by the evidence. The objection is overruled.

#### Objection 3

At the suppression hearing, the defendant testified that after entering the house the officers began questioning him about his residency and employment. When asked whether he had a computer, the defendant responded that he did and pointed to a laptop on a nearby table. After the defendant consented to the search of the laptop, Deputy Barbato began to examine it. According to the defendant, at that point Deputy Thebeau stated him, "Why don't you go ahead and show me

around the rest of your house?" This was a request, not a demand. Contrary to his objection, the defendant was not "*told* that he needed to show the officer around the house." Because the objection is not supported by the evidence, it is overruled.

### Objection 4

The Court agrees that the evidence does not support a finding that the defendant and Deputy Thebeau discussed other computers while upstairs in the house. (see Order and Recommendation at ¶ 13). The objection is sustained.

### Objection 5

There was no testimony that Deputy Barbato went upstairs because Deputy Thebeau asked him to do so. Rather, Deputy Barbato testified that he went upstairs on his own initiative and because of his own concern about the defendant being alone. The objection is overruled.

### Objections 6 and 9

The Court agrees that the testimony does not support the magistrate judge's finding that the external hard drives and the tower were on top of the computer desk (see Order and Recommendation at ¶ 17). The defendant's objection to this finding is sustained. For the reasons discussed below, however, the defendant's further objections are overruled.

Deputy Barbato testified that when he entered the defendant's office he saw the defendant kneeling on the floor underneath the desk where the desktop computer was located. According to Barbato, the defendant appeared to be "messing around" with some cords and with an object located near the computer tower. The defendant testified that he was in the bedroom with his girlfriend when Deputy Barbato entered

the office and that he was not on the floor manipulating the wires. The witnesses' contradictory testimony raises an issue of credibility which the Court resolves in favor of the government.

The defendant testified that he knew there was child pornography on the desktop computer and that he did not want the officers to find it. Thus, the defendant's testimony shows that he had motive for trying to disable the computer or possibly destroy evidence. He also testified that he once attempted to hide a piece of computer equipment from the police in connection with a prior child pornography investigation. The defendant's efforts to conceal incriminating evidence by "messing around" with wires connected to his desktop computer or to the external hard drives is consistent with his past conduct.

### Objections 7, 8, and 12

The defendant objects to the magistrate judge's finding that he consented to the search of his desktop computer. Deputy Barbato testified that while in the defendant's upstairs office he requested and received the defendant's permission to search the desktop; the defendant testified that the officers did not ask for his consent and he did not give his consent. Again, the Court finds the testimony of the government's witness more credible than that of the defendant.

The defendant's testimony that he was not asked permission to search the desktop is inconsistent with the statements he made on the telephone to his lawyer's receptionist. During that call, the defendant stated,

> Two Jefferson County Sheriffs came today to do address verification. Uh, they said that they were doing an expanded update of my records **and they asked to look**

> **around my house and to look at the computers**. . .
> There is also a detective here who's wanting to know either get, from me to either give him permission to search my computer or go through the judge to get a uh, search warrant to take it. (emphasis added)

The two Jefferson County officers the defendant referred to were Deputy Barbato and Deputy Thebeau, and it is clear from the above statements that they were the ones who had requested permission to search <u>both</u> computers.

The defendant asserts that there are facts that militate against a finding that he consented to the desktop computer search. First, he testified that knew that contraband would be found on the desktop computer. Thus, he argues, it would make no sense for him to consent to its search. However, the defendant had been caught in what appeared to be an attempt to disable the computer or destroy evidence. Under those circumstances, the defendant may have believed that he had succeeded such that the contraband would not be found and there would be no risk in consenting to the search. Also, it is noteworthy that in connection with his prior arrest for child pornography the defendant voluntarily produced the incriminating item (a computer hard drive) he had initially hidden from the police. Again, the defendant's conduct in this case is consistent.

Second, the defendant states that his refusal to sign a consent to search form and his refusal to give oral consent to Detective Martin and Detective Kavanaugh support his claim that he did not give consent to Deputy Barbato. By the time the consent form was presented and Detectives Martin and Kavanaugh were at the scene, the defendant knew that evidence of child pornography had been found. His subsequent refusals do not negate his initial consent.

- 5 -

Third, the defendant points to a discrepancy between the two incident reports that Deputy Barbato prepared that calls into question where the consent was given. The initial report (Deft. Ex. A) suggests that Deputy Barbato obtained the defendant's consent to search the laptop and desktop computers at the same time while the officers were downstairs in the house. The second report (Deft. Ex. B) suggests that the defendant's consent to search the desktop was given in the upstairs office. During the suppression hearing, Deputy Barbato provided a satisfactory explanation of how the initial report evolved into the final report. The Court believes that the differences between the two reports is the result of inarticulation or oversight and not from any intent to falsify the account of the events.

The Court concludes that the defendant's consent to the search of the desktop computer was given voluntarily and did not result from coercion or other improper inducement. The defendant's objections are overruled.

### Objection 10

The magistrate judge's finding is consistent with the testimony presented at the suppression hearing, and the defendant offers no contradictory evidence. The objection is overruled.

### Objection 11

The evidence establishes that the defendant's encounter with the law enforcement officers changed from a consensual one to an investigatory detention after Deputy Barbato found the suspected child pornography files on the desktop computer. See Terry v. Ohio, 392 U.S. 1, 21 (1968)(investigative detention of a suspect does not violate the Fourth Amendment when police have reasonable,

articulable suspicion of criminal activity). It is undisputed that the defendant was handcuffed at that point. Whether he was directed to the downstairs or to the upstairs living room is immaterial. The objection is overruled.

### Objection 13

The defendant objects that the magistrate judge failed to note Deputy Kavanaugh's testimony that the police officers "rarely, if ever, meet the time deadlines" of the search warrants they obtain. It is undisputed that the search warrant in this case was not executed by the August 29, 2011 deadline and that the return of the warrant and inventory was made until November 2013. The officer who analyzed the computers did not request additional time to execute the warrant, as that was typically done by the investigators on the case. Also, the officer who obtained the search warrant testified that he forgot to return the warrant sooner. The magistrate judge apparently found these explanations satisfactory, and the Court agrees. The omitted testimony does not affect the Court's opinion on whether the evidence should be suppressed. The objection is overruled.

### B. Defendant's Objections to Conclusions of Law

#### 1. Consent to enter defendant's home

After considering the totality of the circumstances, the Court concludes that the government met its burden of proving that the defendant voluntarily consented to allow the officers to enter his home. See United States v. Beasley, 688 F.3d 523, 531 (8th Cir. 2012) (voluntariness of consent to search is a question of fact which government must prove by preponderance of the evidence and based on totality of circumstances). Upon their arrival, the officers explained the reason for their

presence (*i.e.*, to verify defendant's residence and his compliance with the sex offender registration guidelines) and requested permission to enter the house. The officers did not draw their weapons, they did not threaten the defendant with arrest, nor did they employ any coercion or force to gain entry into the house. The fact that defendant admitted the officers into his home in an effort to be cooperative does not vitiate the voluntariness of his consent. The defendant's subjective belief that he was required to let the officers inside was unreasonable given the absence of any coercion or force by the officers. Additionally, it must be noted that later in the encounter, the defendant exercised his right to refuse to answer certain questions posed by the officers and to refuse consent to search his computers. This conduct indicates that the defendant knew he had the right to refuse the officers' requests, and it is inconsistent with any claim that his will was overborne. See United States v. Vinton, 631 F.3d 476, 482 (8th Cir. 2011) (ultimate question in determining voluntariness of consent is whether defendant's will was overborne and his capacity for self-determination was critically impaired).

2. **Consent to search external hard drive**

The Court finds that Deputy Barbato did not exceed the scope of the defendant's consent to search the desktop by searching the external hard drives. Although the defendant had disconnected the hard drives from the power source, they remained connected to the computer tower. Because "the term 'computer' is commonly understood to include the collection of components involved in a computer's operation," the search of the hard drives in this case was reasonable. United States v. Herndon, 501 F.3d 683, 690 (6th Cir. 2007). Further, the defendant

did not make any attempt to withdraw or limit his consent, even though he knew he could do so. See United States v. Guevara, 731 F.3d 824, 829-30 (8th Cir. 2013)(defendant failed to make timely effort to withdraw consent to search).

### 3. Delay in executing search warrant and filing return

The defendant's computers and peripheral equipment were seized and taken to the Jefferson County Sheriff's office on August 2, 2011. A warrant authorizing the search of the computers was issued, directing that the search be executed by August 29, 2011. The analysis of the computers did not begin until November 11, 2011 and continued until January 24, 2012. The inventory of the items seized on August 2, 2011 was not returned until November 15, 2013.

Rule 41(e)(2)(A)(i) of the Federal Rules of Criminal Procedure provides that a search warrant must be executed "within a specified time no longer than 14 days." Rule 41(f)(1)(D) requires that the warrant and a copy of the inventory of seized items be returned "promptly" to the issuing judge. Failure to comply with Rule 41 does not automatically warrant suppression of evidence. United States v. Schoenheit, 856 F.2d 74, 76 (8th Cir. 1988).

"Whether the period of delay between issuance and execution of a [search] warrant is reasonable necessarily depends upon the facts and circumstances of each case." United States v. Williams, 10 F.3d 590, 594 (8th Cir. 1993). In this case, the search of the computers did not occur until almost two and a half months after the deadline. However, there is no evidence of any alteration or deterioration of the evidence during this lapse of time. Moreover, because of the nature of the items to be searched, the probable cause to search that existed at the time the warrant was

issued remained unchanged despite the delay in execution. United States v. Simpkins, 914 F.2d 1054, 1059 (8th Cir. 1990)("In determining whether probable cause dissipated over time, a court must 'evaluate the nature of the criminal activity and the kind of property for which authorization to search is sought.'" (quoting United States v. Foster, 711 F.2d 871, 878 (9th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984)). The Court concludes that the delay was not unreasonable.

Additionally, the defendant's claim that he has been prejudiced by the delay is unsupported. The defendant testified that he knows the whereabouts of his potential witness (his ex-girlfriend) and there is no evidence that she would be unavailable to testify in his defense. Also, while testifying at the suppression hearing, the defendant neither expressed nor exhibited any inability to recall the events that took place on August 2, 2011.

The Court further concludes that the defendant was not prejudiced by the delay in the return of the warrant and inventory. See Schoenheit, 856 F.2d at 77 (failure to follow Rule 41 does not justify suppression absent a showing of prejudice or evidence of "intentional and deliberate disregard" of the rule). At the time of the seizure on August 2, 2011, the defendant was given a receipt listing all of the seized items. The same items are listed in the search warrant application and in the inventory. Thus, the delay in filing the inventory had no effect on the defendant's knowledge of what had been seized or his ability to challenge the seizure of particular items. Further, the Court finds no evidence that the violation of Rule 41 was the result of deliberate and intentional disregard of the rule, as opposed to inadvertence.

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Order and Recommendation [Doc. # 45] is **rejected** as to the first sentence of ¶ 13 and the second sentence of ¶ 17.  The Order and Recommendation is **sustained, adopted, and incorporated herein** in all other respects.

**IT IS FURTHER ORDERED** that the motions of defendant Paul Beckmann to suppress statements and evidence [Doc. ## 13, 27 and 28] are **granted** with respect to the defendant's statement regarding his prior conviction for child pornography and the defendants statements to his attorney made in the presence of law enforcement officials.  The motions to suppress are **denied** in all other respects.

                                                                         _____
                                                                         CAROL E. JACKSON
                                                                         UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2014.